CORNING GLASS WORKS, Plaintiff,

v.

SUMITOMO ELECTRIC U.S.A., INC.
and Sumitomo Electric Industries,
Ltd., Defendants.

SUMITOMO ELECTRIC RESEARCH
TRIANGLE, INC., Plaintiff,

v.

CORNING GLASS WORKS, Defendant.

Nos. 84 Civ. 9155 (WCC), 85 Civ.
3156 (WCC).

United States District Court,
S.D. New York.

April 14, 1988.

Fish & Neave, New York City, for Corning Glass Works; Lars I. Kulleseid, W. Edward Bailey, Daniel M. Gantt, Thomas J. Vetter, Mark H. Bloomberg, of counsel.

Alfred L. Michaelsen, K. McNeill Taylor, Jr., Patent Dept., Corning, N.Y., of counsel for Corning Glass Works.

Whitman & Ransom, New York City, for Sumitomo Electric U.S.A., Inc., Sumitomo Electric Research Triangle, Inc. and Sumitomo Electric Industries, Ltd.; Thomas G. Bailey, New York City, Cushman, Darby & Cushman, George T. Mobille, Chris Comuntzis, Duane M. Byers, Ablondi & Foster, P.C., Italo H. Ablondi, F. David Foster, Sturgis M. Sobin, Peter J. Koenig, Washington, D.C., of counsel.

OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

The Sumitomo parties (hereinafter collectively "Sumitomo") have filed a "Request for Guidance as to the Scope of the Injunction" entered by the Court on October 22, 1987. Sumitomo specifically requests that the Court express its view as to whether the injunction would be violated by four types of activity which Sumitomo contemplates conducting within the United States:

1. Use of methods which the Court has ruled not to infringe Corning's U.S. Patent No. 3,933,454 ("the '454 patent") to produce glass preforms which would be shipped to Japan where they would be drawn into optical waveguide fibers similar to those which the Court has ruled to infringe Corning's U.S. patent No. 3,659,915 ("the '915 patent").

2. Use of methods which the Court has found not to infringe the '454 patent to superimpose jackets on glass preforms produced in Japan (comprising core and cladding portions), the jacketed preforms being returned to Japan to be drawn into optical waveguide fibers similar to those which the Court has ruled to infringe the '915 patent.

3. Measurement and testing of optical waveguide fibers which the Court has ruled to infringe the '915 patent which were made in the United States prior to the injunction and which remain in Sumitomo's inventory or which are returned by customers.

4. Use of methods which the Court has found not to infringe the '454 patent to produce fibers which the Court has ruled to infringe the '915 patent, and testing of these fibers for the purpose of improving such production methods.

Corning has strenuously opposed the Request on the merits and has cross-moved for an order that the infringing fibers in Sumitomo's inventory be delivered up for destruction.

 The Court declines Sumitomo's request for a formal ruling as to whether the contemplated activities would violate the injunction. In the first place, there is no case or controversy ripe for decision by the Court. Sumitomo is asking in effect for an advisory opinion as to the propriety of conduct in which it has apparently never engaged. Moreover, this Court has apparently been ousted of jurisdiction to make substantive rulings as to the scope of the injunction by Sumitomo's appeal of the judgment to the Court of Appeals for the Federal Circuit. For the latter reason, Corning's cross motion for confiscation likewise cannot be considered by the Court at this time.

However, because the Court is sympathetic with Sumitomo's desire for guidance and appreciates Sumitomo's candor in disclosing its contemplated activities, the Court is disposed to express informally its tentative impressions that the activities described in paragraphs 1 and 2 above would constitute infringement of the '915 patent under 35 U.S.C. § 271(f); the activity described in paragraph 3 would constitute infringement of the '915 patent if it is performed to facilitate the sale of the fiber either inside or outside the United States, *see Roche Products v. Bolar Pharmaceutical Co.*, 733 F.2d 858 (Fed.Cir.1984); and the activity described in paragraph 4 would constitute infringement of the '915 patent. *Roche*, 733 F.2d at 863.

SO ORDERED.